# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| SERGE PETER MARINKOVIC, M.D.<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH LOUISIANA MEDICAL ASSOCIATES, A PROFESSIONAL CORPORATION, LSU MEDICAL CENTER d/b/a LEONARD J. CHABERT MEDICAL CENTER, AND MICHAEL J. GARCIA, M.D. (IN HIS INDIVIDUAL CAPACITY),<br><br>Defendants. | No. Civ. 13-mc-2<br><br>Eastern District of Louisiana<br>Civil Action No.<br>2:12-cv-00006-SSV-SS<br><br>SECTION "R"<br>Judge Vance<br><br>Mag. Div. (1)<br>Magistrate Judge Shushan |

## ORDER

Before the court for its consideration is the Non-Party, McAlester Regional Health Center's, Motion to Quash Subpoena Duces Tecum (Doc. 1). In this motion, a non-party, McAlester Regional Health Center, seeks to quash a subpoena to produce documents based on the Oklahoma statutory peer review privilege. The subpoena was served by Plaintiff, Serge Marinkovic, a litigant in a case filed in the United States District Court for the Eastern District of Louisiana against South Louisiana Medical Associates, LSU Medical Center and Michael J. Garcia, M.D. (hereinafter "defendants"). The lawsuit involves employment issues. Plaintiff has not filed a response to the Motion to Quash. Defendants did file a response stating the documents should be produced pursuant to the subpoena because the state statutory peer review privilege is not valid under this factual scenario. McAlester Regional Health Center filed a reply stating that it and the plaintiff had worked out the issues raised in the Motion to Quash but it anticipated that defendants would still want the employment records, including the documents it contends

1

are privileged. Defendants filed a sur-reply stating that it did want the entire employment file.  It again, argued the peer review privilege was not applicable in this case and the documents were relevant to the issues in the Louisiana case.

The court finds the Motion to Quash is now moot. It appears from McAlester Regional Health Center's Reply, that all issues raised in the Motion to Quash currently before the court have been resolved between it and Plaintiff.  As to the Defendants' request for access to the documents, they need to follow the proper procedure to secure those documents.  It is improper to request such discovery in a response to a motion.

Accordingly, the Motion to Quash is rendered moot.

IT IS SO ORDERED this 6th day of March, 2013.

Frank H. Seay
United States District Judge